## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

DARRELL A. THOMPSON,

    Plaintiffs,

v.

    Civil Action No.
    HONORABLE 3:20-cv-00699
    Jury Trial Demanded

CSX TRANSPORTATION, INC.,
a Florida corporation,

    Defendant.

## COMPLAINT

1. Plaintiff is and at all times relevant hereto has been as resident of Putnam County, West Virginia.

2. Defendant is a corporation with its principal place of business in Jacksonville, Florida, organized and incorporated under the laws of Florida.

3. Defendant does regular business in the state of West Virginia with sufficient contacts to subject it to lawful jurisdiction.

4. Plaintiff began working for Defendant in 2006 as the Plant Manager of the Barboursville, West Virginia Bridge Shop.

5. Plaintiff was responsible for operations at the Barboursville Bridge Shop facility.

6. For the first seven years of his employment Plaintiff's direct supervisor was Richard Garro was followed by Edward Sparks. In 2016, Jacob Metcalf was installed as Plaintiff's new direct supervisor. Metcalf's title was Director of Bridge Construction.

7. Plaintiff had attended several conferences every year since he had come to work for Defendant.

8. Once Metcalf was installed as Plaintiff's supervisor, Plaintiff was never permitted to go to conferences again.

9. Around 2016, Plaintiff's supervisor Edward Sparks began asking Plaintiff when he would retire and asking how old Plaintiff was.

10. Sparks did this multiple times each year, coinciding with his visits to Plaintiff's facility in Barboursville.

11. On or around January 2019, in response to Sparks heckling Plaintiff about retiring Plaintiff replied that he would not retire for at least nine more years, as Plaintiff was waiting to retire until he was 65.

12. After Plaintiff told Sparks he did not intend to retire for nine more years, Plaintiff was given poor performance evaluations.

13. Plaintiff had worked from 2006 until 2019 without a writeup.

14. Just weeks after Plaintiff told Sparks he would not be retiring for several years, Metcalf issued a writeup against Plaintiff, the first Plaintiff had received since he began working for Defendant.

15. After Plaintiff told Sparks he did not intend to retire for at least nine more years, Defendant began targeting Plaintiff with poor performance evaluations and disciplinary actions to conceal its illegal motive in seeking to terminate him.

16. Plaintiff made attempts to straighten out the untruthful writeup he was given by Metcalf, but was ignored and rebuffed when he attempted to do so.

17. In addition to pressuring Plaintiff to retire, Sparks began pushing Plaintiff to pressure another older worker to retire. Sparks told Plaintiff to push Timothy Chapman to retire

since Chapman was "getting up there in age." Sparks told Plaintiff to lean on Chapman in a subtle way to disguise the true thrust of this push toward getting Chapman to retire.

18. Defendant took no further disciplinary actions against Plaintiff after its initial writeup. Nobody in Defendant's employ mentioned the writeup further or engaged with Plaintiff in any fashion regarding correcting the issues that Metcalf had wrongfully alleged in the writeup.

19. On February 19, 2020, Defendant terminated Plaintiff when Metcalf came to the Barboursville Bridge Works facility and terminated Plaintiff in person.

20. Metcalf claimed that Defendant was terminating Plaintiff for "performance," based on the writeup from the previous year.

21. Metcalf brought in CSX "Police" to stand outside Plaintiff's office as Metcalf terminated Plaintiff before directing the officers to escort Plaintiff from the building.

22. Plaintiff reached out to Diana Esque, the Human Resources officer who had accompanied Metcalf during the termination meeting, attempting to appeal the termination. Esque ignored Plaintiff's attempts to communicate with her.

23. Plaintiff also reached out to Tod Echler to attempt to appeal the termination, but Echler also ignored Plaintiff.

## COUNT I – AGE DISCRIMINATION

24. Defendant discriminated against Plaintiff based on his age. This discriminatory conduct was done by Plaintiff's managers and superiors as described above.

25. The West Virginia Human Rights Act forbids discrimination against persons based on their age.

26. Defendant's discrimination against Plaintiff is evidenced by the fact that he worked for Defendant without incident for over a decade years until he resisted Defendant's attempts to push him to retire. Once Plaintiff resisted the age discrimination of his superiors, Defendant

3

subjected Plaintiff to a poor performance review and an ill-founded writeup to try and cover its tracks in terminating him to replace him with a substantially younger employee.

**WHEREFORE**, Plaintiff demands damages for lost wages, the value of lost benefits, emotional distress, punitive damages, injunctive relief, costs and attorney's fees, and such other relief as may be appropriate.

Respectfully submitted,

DARRELL A. THOMPSON,
Plaintiffs by Counsel

_____
WALT AUVIL (WVSB #190)
KIRK AUVIL (WVSB #12953)
ANTHONY BRUNICARDI (WVSB #13593)

The Employment Law Center, PLLC
1208 Market Street
Parkersburg, WV 26101
(304) 485-3058
(304) 485-6344 (fax)


/s/ Gregory G. Paul
Gregory G. Paul
WV Bar #8129
Morgan & Paul, PLLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Tel: (844) 374-7200
Fax: (888) 822-9421
gregpaul@morganpaul.com

STATE OF WEST VIRGINIA,

COUNTY OF PUTNAM, TO-WIT:

DARRELL A. THOMPSON, the Plaintiff named in the foregoing and hereto annexed COMPLAINT, being first duly sworn, deposes and says that the facts therein contained are true, except insofar as they are therein stated to be upon information, and insofar as they are therein stated to be upon information, Plaintiff believes them to be true.

_____
DARRELL A. THOMPSON

Taken, subscribed and sworn to before me this 6th day of October, 2020.

My commission expires: October 30, 2022.

_____
NOTARY PUBLIC

NOTARY PUBLIC OFFICIAL SEAL
DEBRA L BALL
State of West Virginia
My Commission Expires
October 30, 2022
2249 2nd St Culloden, WV 25510