UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1133

DARRELL A. THOMPSON,

        Plaintiff - Appellant,

   v.

CSX TRANSPORTATION, INC., a Florida corporation,

        Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:20-cv-00699)

Submitted:  January 11, 2023                                    Decided:  March 3, 2023

Before KING and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Walt Auvil, EMPLOYMENT LAW CENTER, PLLC, Parkersburg, West Virginia, for Appellant. Thomas R. Brice, Jacksonville, Florida, Jonathan Y. Ellis, MCGUIREWOODS LLP, Raleigh, North Carolina; Melissa Foster Bird, NELSON MULLINS RILEY & SCARBOROUGH LLP, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell A. Thompson appeals from the district court's order granting CSX's motion for summary judgment on Thompson's age discrimination complaint. The district court ruled that Thompson failed to make a prima facie showing of discrimination. Further, the court ruled that, even if a prima facie case was made, Thompson failed to show either that CSX's legitimate, nondiscriminatory reason for his termination was pretextual or that he had established a mixed-motive theory of age discrimination.

On appeal, Thompson challenges only the district court's conclusion that he failed to make a prima facie showing of discrimination. After CSX argued that Thompson had forfeited any challenge to the district court's remaining conclusions, Thompson argued in his reply brief that "[p]retext and mixed-motive analyses are not separate analyses from the overall analysis of whether Plaintiff's evidence is sufficient to support an inference of discrimination." (Appellant's Reply Br. (ECF No. 19) at 8).* Given that Thompson did not attempt, even in his reply brief, to substantively brief the issues of pretext and mixed-motive, he has waived any assignment of error on these determinative issues. *See Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue."). Further, while the district court can consider a plaintiff's prima facie case and the inferences that can be drawn therefrom for the purposes of analyzing pretext and mixed-motive, "the prima facie case,

---

* We cite to the electronic page number.

2

a mechanism peculiar to the pretext framework, is never by itself sufficient to permit a plaintiff to escape an adverse summary judgment ruling except in the rare instance when an employer is silent in the face of the presumption it raises." *Diamond v. Colonial Life & Acc. Ins.*, 416 F.3d 310, 318-19 (4th Cir. 2005).

      Because, on appeal, Thompson has not addressed the pretext or mixed-motive issues, he has waived his right to challenge the district court's determinations on those issues. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*